IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID A. GABALDON,

        Plaintiff,

v.  No. 17cv136 WJ/CG

WAL-MART SUPERCENTER,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint, Doc. 1, filed January 30, 2017, and on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 30, 2017 ("Application"). For the reasons stated below, the Court will **DISMISS** this case **without prejudice** and **DENY** the Application as moot.

Plaintiff's Complaint, which is difficult to understand, alleges that security at Wal-Mart told Plaintiff to leave after Plaintiff refused to leave his backpack at the entrance. *See* Complaint at 2. Plaintiff later returned to Wal-Mart for coffee and an employee "went out of her normal job, to get the coffee for me." Complaint at 2. On another day, Plaintiff went to the Wal-Mart pharmacy to fill a prescription. The pharmacy did not have the medicine in stock so Plaintiff returned the following day. Wal-Mart was unable to obtain the prescribed medicine and informed Plaintiff he could purchase similar medicine over-the-counter. Plaintiff did not have money and the "pharmacy paid out pocket for med's." Complaint at 2. On yet another day, the Wal-Mart pharmacy filled Plaintiff's prescription for ibuprofen and Plaintiff asked two employees "if they would sign paper stating that United Health Care would not cover the HYDROCHLOROT because it was too soon." Complaint at 2.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court does not have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Plaintiff resides in New Mexico. Although Plaintiff does not specify the citizenship of Defendant Wal-Mart Supercenter, he gave an address for Defendant Wal-Mart Supercenter in Albuquerque, New Mexico. Consequently, there is no properly alleged diversity jurisdiction.

Plaintiff's Complaint does not contain any allegations that show a basis for federal question jurisdiction. A claim may be brought in federal court if the claim is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When determining whether a claim arises under federal law, courts examine the well pleaded allegations of the complaint and ignore potential defenses. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6

(2003). "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id*. (federal courts typically do not have jurisdiction under 28 U.S.C. § 1331 when a plaintiffs' complaint does not assert any cause of action premised upon a violation of a federal statute or the Constitution).

Although Plaintiff lists 14 "Charges," some of which cite federal statutes or regulations at the beginning of his Complaint, he does not explain how they demonstrate that the Court has federal question jurisdiction. *See* Complaint at 1. Based on its review of those federal laws and the factual allegations, the Court concludes it does not have federal question jurisdiction for the following reasons.

Three of the cited statutes relate to crimes. *See* 18 U.S.C. § 1519, Destruction, alteration, or falsification of records in Federal investigations and bankruptcy; 18 U.S.C. § 2332a, Use of weapons of mass destruction; 15 U.S.C. § 2, Monopolizing trade a felony; penalty. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

There are no factual allegations in the Complaint that show the following statutes and regulations cited by Plaintiff are relevant: 42 U.S.C. § 2302 (Penalties for negligent operations and interfering with safe operation [of a vessel]); 2 C.F.R § 200.326 and 2 C.F.R § 200 Appendix II (requiring certain provisions in non-federal entity's contracts for federal awards).

Plaintiff lists seven "charges" but does not identify the complete citations for those laws. *See* "§ 1706. Management of health care: other requirements;" "§ 240.15c1-2 Fraud and misrepresentation;" "Discrimination;" "§ 414.422 Terms of contracts;" "§ 163.42 Obligated service and breach of contract;" "Monopolizing or restraining trade and unduly enhancing prices

prohibited; remedy and procedure;" "CFR 308.111." The Court will not comb the record or make a party's arguments for it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 30, 2017, is **DENIED as moot.**

_____
**UNITED STATES DISTRICT JUDGE**